UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
R Brooke Jackson, District Judge

Criminal Case No. 1:17-cr-00417-RBJ-1
Civil Case No. 1:19-cv-02874-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ANGELA NICOLE MONACO,

    Defendant.

---

# ORDER ON MOTION TO VACATE SENTENCE

    On May 1, 2018 Angela Monaco pled guilty to count one, conspiracy to commit mail and wire fraud, and count twelve, engaging in a monetary transaction in property derived from specified unlawful activity. These offenses arose from Ms. Monaco's role in a multimillion dollar fraud scheme perpetrated by Ms. Monaco, other family members, and one unrelated individual. The Court sentenced Ms. Monaco on August 16, 2018 to 74 months imprisonment, three years of supervised release, and joint and several liability for restitution in the amount of $6,011,900. ECF No. 138. Judgment entered on August 27, 2018. ECF No. 147.

    On October 8, 2019 Ms. Monaco filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The motion claims that her counsel was ineffective because he advised her to decline a plea offer extended to her on December 27, 2017 that would have had a Guideline range of 57-71 months but later advised her to accept an offer that had a Guideline range of 70-87 months. She states that during her sentencing hearing her lawyer told

1

the Court that he advised his client to reject the earlier plea because "frankly, I didn't know anything about the case." ECF No. 169 (transcript), at 146.

In a response filed on November 8, 2019 the government suggests that the lawyer's comment quoted by Ms. Monaco concerned a different plea offer, not the offer of December 27, 2017 that was the subject of Ms. Monaco's motion. The government also argues that Ms. Monaco has not shown that her lawyer's representation was deficient or that there is a reasonable probability that the Court's sentence would have been different in any event. ECF No. 215. *See Strickland v. Washington,* 466 U.S. 668 (1984) (setting forth the two-pronged standard for assessing claims of ineffective assistance of counsel). Ms. Monaco did not reply.

The indictment was filed on November 7, 2017. Mr. Petruzzi entered his appearance on Ms. Monaco's behalf on November 28, 2017. In December 2017 the government extended plea offers to Ms. Monaco and at least some of the defendants. At that time the government estimated Ms. Monaco's offense level under the federal sentencing guidelines to be 25 and her criminal history category to be I, resulting in a recommended range of 57-71 months.

Ms. Monaco did not accept the offer, allegedly because her attorney recommended against it. When the subject of plea offers came up at Ms. Monaco's sentencing hearing in this case, in the context of trying to sort out the relative culpability of the various defendants, the Court asked why earlier offers weren't accepted by some of the defendants. Mr. Petruzzi responded,

> I can't explain why the other people didn't take them, but I know what I discussed with my client at the time, who was – I had just taken over the representation. I believe that she was represented by Mr. Entin or somebody in combination. So I took over the representation. I counseled my client to move forward because, frankly, I didn't know anything about the case. But that's my recollection. Maybe I'm wrong.

ECF No 169 at 146-47.

2

As indicated, Mr. Petruzzi entered his appearance on November 28, 2017. Precisely when he was engaged is unknown to the Court. However, the Court would not expect him to recommend acceptance of a plea offer without first conducting a reasonable investigation. In a complex fraud conspiracy the investigation could take quite some time. If the offer that was the subject of the colloquy between the Court and Mr. Petruzzi was the December 27, 2017 offer, as Ms. Monaco suggests, then this would have been just four weeks after Mr. Petruzzi entered his appearance. Ms. Monaco has not provided any evidence or qualified opinion suggesting that rendering that advice in that context was in any way deficient.[1]

Ms. Monaco pled guilty under a different plea agreement five months later, after a full written and oral advisement at which time she expressed her satisfaction with counsel. The government states,

> By that time, the government had learned that Ms. Monaco had continued to perpetrate the fraud after law enforcement detection by creating new corporate entities to conceal the conspirators' activities. This resulted in an additional two-level enhancement for involvement of sophisticated means and an estimated guideline range of 70-87 months.

ECF No. 215 at 2.

Because deficient performance has not been shown, it is unnecessary for the Court to reach or decide the prejudice prong. Both prongs must be established to show ineffective assistance of counsel. I note, however, that the government represents that by the time that Ms. Monaco would have been sentenced if she had accepted the December 27, 2017 offer, the government had discovered the facts that supported the two-level enhancement of the offense level. The government suggests that that would have resulted in a higher guideline range at the

---

[1] The government represents that it had extended a pre-indictment plea to Ms. Monaco and other defendants, and that it believes that that pre-indictment offer might have been the subject of the colloquy between the Court and Mr. Petruzzi. I cannot tell from the transcript. But if that were the case, Ms. Monaco's complaint about Mr. Petruzzi's advice would appear to have even less merit.

sentencing hearing notwithstanding the preliminary estimate in the plea offer. That suggestion is somewhat speculative, but it is Ms. Monaco's burden to show the contrary, i.e., that there was a reasonable probability that but for her counsel's alleged error, she would have received a lower sentence. She has made essentially no effort to show this.

## ORDER

It is not uncommon for defendants who have been convicted and sentenced, and whose direct appeal was either waived or rejected on the merits, to accuse their lawyer of ineffective representation. Sometimes those accusations have merit. This one does not. Defendant's motion for to vacate sentence, ECF No. 201, is DENIED.

DATED this 24th day of November, 2020.

BY THE COURT:

_Brooke Jackson_

R. Brooke Jackson
U.S. District Court Judge